Donald R. Holben, Esq. (SBN 108401)
Daniel M. DiRe, Esq. (SBN 120523)
Kamran Amintaheri, Esq. (SBN 356171)
DONALD R. HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
Telephone: (619) 220-5555
Facsimile: (619) 220-0033
Email: ka@sandiegotrialattorneys.com
Email: dmd@sandiegotrialattorneys.com
Email: lawyers@sandiegotrialattorneys.com

Attorneys for Defendant EMILIYA ARUTYUNOVA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAL PROCESSING TECHNOLOGY, LTC,<br><br>Plaintiff,<br><br>v.<br><br>ICG USA, LLC; EMILIA ARUTYUNOVA aka EMILIYA AROUTIOUNOV; ARTOUR AROUTIOUNOV aka ARTOUR ARUTYUNOVA; AMERICAN GLOBAL FREIGHTS, a California corporation; MAERSK CUSTOMS SERVICES USA INC.; MAERSK LOGISTICS & SERVICES USA INC.; U.S. BANCORP; ARARAT BAGHDASARYN, alter ego of American Global Freights; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 3:26-CV-02762-DMS-SBC<br><br>**VERIFIED ANSWER OF DEFENDANT EMILIYA ARUTYUNOVA aka EMILIYA AROUTIOUNOV TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Dana M. Sabraw<br>Magistrate Judge: Hon. Steve B. Chu<br><br>Action Filed: October 2, 2025<br>(San Diego Super. Ct. No. 25CU053232C)<br><br>Removed: April 30, 2026 |

1

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

## TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

Defendant EMILIA ARUTYUNOVA aka EMILIYA AROUTIOUNOV ("Defendant"), answering the Complaint of plaintiff METAL PROCESSING TECHNOLOGY LTC ("Plaintiff") on her own behalf only, and on behalf of no other defendant, admits, denies, and alleges as follows:

### PRELIMINARY STATEMENT

1.    The Complaint's paragraphs are numbered non-sequentially; multiple paragraph numbers (including paragraphs numbered 85 through 97) are repeated and the allegations bearing those numbers are internally inconsistent. Defendant is therefore unable to admit or deny the Complaint paragraph-by-paragraph and instead responds to the substance of the Complaint's allegations by cause of action. Pursuant to Federal Rule of Civil Procedure 8(b), any allegation not expressly admitted herein is denied.

2.    Allegations that consist of legal conclusions, argument, citations to statutes, recitations of California Civil Jury Instructions, references to criminal statutes, or characterizations of the law require no response. To the extent a response is deemed required, Defendant denies each such allegation.

3.    Defendant specifically denies that she personally entered into any contract with Plaintiff; personally made any representation, promise, or omission to Plaintiff; personally received, possessed, or controlled any cargo, goods, or funds belonging to Plaintiff; participated in any freight-forwarding transaction, shipment, or payment; converted any property; conspired with any person or entity; participated in or conducted any RICO enterprise; or caused Plaintiff any damage in any amount.

4.    Defendant further alleges that her involvement with ICG USA, LLC, if any, was limited to formation, registration, and/or service as a statutory agent for service of process, and that she had no operational, managerial, financial,

2

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

transactional, supervisory, cargo-related, payment-related, or decision-making authority over ICG USA, LLC at the time of the events alleged in the Complaint.

## RESPONSE TO INTRODUCTORY ALLEGATIONS AND PARTIES (¶¶ 1–18)

5.     Defendant admits only that the Complaint names her as "Emilia Arutyunova aka Emiliya Aroutiounov" and alleges that she maintained an address at 2878 Beech Street, San Diego, California 92102, and that she is listed as the agent for service of process for ICG USA, LLC at that address. Defendant denies that being named in the Complaint, maintaining that address, or serving as a statutory agent for service of process creates any liability, agency, alter-ego status, control, or participation in any transaction, contract, tort, cargo dispute, or nonpayment alleged in the Complaint.

6.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's legal status, capacity, corporate existence, standing, authority to sue, and claimed damages (including the allegations that damages exceed $35,000 and exceed $400,000), and on that basis denies them.

7.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning co-defendants ICG USA, LLC, American Global Freights, Maersk Customs Services USA Inc., Maersk Logistics & Services USA Inc., U.S. Bancorp, and Ararat Baghdasaryn, including their addresses, agents for service of process, duties, obligations, and alleged conduct, and on that basis denies them.

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the fictitiously named DOE defendants, and on that basis denies them.

9.     The allegations under the heading "Crimes Committed by Defendants—For Reference Only," and the recitations of California Penal Code

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**

Case No.: 3:26-CV-02762-DMS-SBC

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

sections 396 and 532 and 18 U.S.C. § 1038, state legal conclusions and references to criminal statutes to which no response is required; to the extent a response is required, Defendant denies that she committed or conspired to commit any crime and denies that Plaintiff may obtain civil relief against her based on such allegations.

10.    As to the allegations of punitive damages and the allegations that an officer, director, or managing agent acted with malice, oppression, or fraud, or had advance knowledge of any unfitness (Complaint ¶¶ 14–18), Defendant denies that she is an officer, director, or managing agent responsible for any alleged wrongdoing, denies that she acted with malice, oppression, fraud, or any wrongful state of mind, denies that she had advance knowledge of any wrongful act, and denies that punitive damages are warranted against her.

## FIRST CAUSE OF ACTION — FRAUD BY INTENTIONAL MISREPRESENTATION (¶¶ 19–28)

11.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the April 8, 2024 agreement between Ararat Baghdasaryan (on behalf of American Global Freights) and Nodirkhonov A.N. (on behalf of Plaintiff), the freight-forwarding arrangement for 405 packages of refined copper pipes weighing 2,991.289 kilograms, the Los Angeles port of discharge, and any agreement between Plaintiff and ICG USA, LLC, and on that basis denies them. Defendant denies that she made any representation, promise, or omission to Plaintiff; denies that any representation was false or made with knowledge of falsity or intent to deceive; denies that Plaintiff justifiably relied on any conduct of Defendant; denies that she participated in any "hoax," fraud, or scheme; and denies that any conduct of Defendant caused Plaintiff damage.

/ / /

/ / /

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**

Case No.: 3:26-CV-02762-DMS-SBC

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

**SECOND CAUSE OF ACTION — FRAUD BY FALSE PROMISE / PROMISSORY FRAUD (¶¶ 29–42)**

12.   Defendant denies that she made any promise to Plaintiff, that she made any promise without intent to perform, that she intended Plaintiff to rely on any promise, or that Plaintiff reasonably relied on any promise of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning agreements among Plaintiff, American Global Freights, and ICG USA, LLC, and the alleged shipment and cargo, and on that basis denies them. Defendant denies that any act or omission of Defendant was a substantial factor in causing Plaintiff harm.

**THIRD CAUSE OF ACTION — CONVERSION (¶¶ 43–51)**

13.   Defendant denies that she wrongfully exercised control over, took possession of, or substantially interfered with any money, cargo, copper, metals, merchandise, bank funds, or other property of Plaintiff; denies that she received $450,000, $425,000, $825,000, or any other sum from Plaintiff; and denies that any conduct of Defendant caused Plaintiff harm. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff had an immediate right to possession of any specifically identifiable property, and on that basis denies it. Defendant notes that paragraph 46 refers to "Aridis Pharmaceuticals Inc." and paragraph 47 refers to an "agreed rent" and a "prior rental agreement," none of which pertains to Defendant; to the extent those allegations are directed at Defendant, they are denied.

**FOURTH CAUSE OF ACTION — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (¶¶ 52–61)**

14.   Defendant denies that she engaged in any extreme or outrageous conduct; denies that she intended to cause, or acted with reckless disregard of the probability of causing, emotional distress to Plaintiff or any of its corporate officers; and denies that any conduct of Defendant caused emotional distress.

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

Defendant further denies that Plaintiff, a business entity, may recover emotional-distress damages. Defendant lacks knowledge or information sufficient to form a belief about whether any corporate officer of Plaintiff sought medical attention, and on that basis denies that allegation.

**FIFTH CAUSE OF ACTION — VIOLATION OF RICO ACT (¶¶ 62–74)**

15.    Defendant denies that she violated 18 U.S.C. § 1962; denies that she invested in, acquired an interest in, conducted, participated in the conduct of, or conspired with respect to any enterprise through a pattern of racketeering activity; denies that she committed any predicate act, including any act of mail fraud, wire fraud, bank fraud, money laundering, extortion, or theft; denies that she had any part in directing the affairs of any enterprise; denies that she operates in multiple states or engages in any pattern of unlawful activity; and denies that any conduct of Defendant proximately caused injury to Plaintiff's business or property. Defendant denies that Plaintiff is entitled to treble damages, attorney's fees, or any other RICO remedy against her.

**SIXTH CAUSE OF ACTION — CONSPIRACY TO VIOLATE RICO ACT (¶¶ 75–82)**

16.    Defendant denies that she agreed with any person or entity to conduct or participate in any enterprise through a pattern of racketeering activity; denies that she knew of any alleged enterprise, racketeering objective, or predicate act; denies that she intended that any wrongful act be committed against Plaintiff; and denies that any conduct of Defendant caused Plaintiff harm. Defendant notes that paragraph 80 refers to harm "toward Gates," which does not pertain to Defendant or Plaintiff; to the extent it is directed at Defendant, it is denied.

**SEVENTH CAUSE OF ACTION — CIVIL CONSPIRACY (¶¶ 83–90)**

17.    Defendant denies that she entered into any agreement to commit a tort or wrongful act against Plaintiff; denies that she had actual knowledge of any wrongful plan or unlawful objective; denies that she gave substantial assistance,

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**
Case No.: 3:26-CV-02762-DMS-SBC

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

encouragement, or aid to any alleged tortfeasor; and denies that any conduct of Defendant caused Plaintiff damage.

## EIGHTH CAUSE OF ACTION — NEGLIGENCE / RESPONDEAT SUPERIOR (¶¶ 91–111)

18.     Defendant denies that she owed Plaintiff any duty; denies that she breached any duty; denies that she was Plaintiff's contracting party, freight forwarder, carrier, customs broker, bank, seller, purchaser, or cargo custodian; denies that any alleged tortfeasor was her employee, agent, servant, or person subject to her right of control; denies that respondeat superior applies to her; denies that she negligently hired, retained, supervised, or entrusted any person or entity; and denies that any act or omission of Defendant caused Plaintiff damage. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged contracts with American Global Freights, ICG USA, LLC, and Maersk, and on that basis denies them. The allegations in this cause of action are styled as negligence/respondeat superior but plead breach of contract; to the extent any such allegation is directed at Defendant, it is denied.

## NINTH CAUSE OF ACTION — BREACH OF WRITTEN CONTRACT (¶¶ 112–132)

19.     Defendant denies that she was a party to, or personally entered into, any written or oral contract with Plaintiff; denies that she agreed to purchase, collect money for, or pay for any copper, metals, goods, merchandise, cargo, or freight services; denies that she breached any contract; and denies that any conduct of Defendant caused Plaintiff contract damages. Because Defendant denies the existence of any contract between Plaintiff and Defendant, she denies that Plaintiff performed any condition under any such contract. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged February 6, 2024 and June 27, 2024 agreements among Plaintiff,

7

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

American Global Freights, ICG USA, LLC, and Maersk, and on that basis denies them. Defendant denies that Plaintiff is entitled to attorney's fees, interest, or contract damages from her.

## TENTH CAUSE OF ACTION — NEGLIGENCE (¶¶ 133–135)

20.    Defendant denies that she owed Plaintiff any duty of care; denies that she breached any duty; denies that she controlled any cargo, shipment, payment, bank account, customs clearance, freight-forwarding process, delivery, contract, or transaction involving Plaintiff; denies that she failed to exercise reasonable care; and denies that any act or omission of Defendant caused Plaintiff damage.

## RESPONSE TO PRAYER FOR RELIEF

21.    Defendant denies that Plaintiff is entitled to any relief against Defendant whatsoever, including general damages, special damages, punitive or exemplary damages, treble damages, emotional-distress damages, restitution, disgorgement, return of merchandise, diminished-value damages, interest, attorney's fees, costs, declaratory relief, or equitable relief. To the extent any allegation of the Complaint has not been expressly admitted above, it is denied.

## AFFIRMATIVE DEFENSES

As separate and additional defenses, and without admitting any allegation or assuming any burden that the law places on Plaintiff, Defendant alleges as follows. By designating the following as "affirmative defenses," Defendant does not assume any burden of proof, persuasion, or production that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim — Fed. R. Civ. P. 12(b)(6))

The Complaint, and each cause of action asserted against Defendant, fails to state a claim upon which relief can be granted. This defense is preserved pursuant to Federal Rule of Civil Procedure 12(h)(2).

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

**SECOND AFFIRMATIVE DEFENSE (Failure to Plead Fraud With Particularity — Fed. R. Civ. P. 9(b))**

Each fraud-based cause of action (the first, second, fifth, sixth, and seventh causes of action) fails because the Complaint does not plead the circumstances constituting fraud with particularity as to Defendant, including the time, place, content, and speaker of any alleged misrepresentation.

**THIRD AFFIRMATIVE DEFENSE (Limited Formation / Registered-Agent Role)**

Plaintiff's claims are barred because Defendant's involvement with ICG USA, LLC, if any, was limited to formation, registration, and/or service as a statutory agent for service of process, which does not give rise to personal liability for the entity's later alleged contracts, debts, torts, cargo, or nonpayment.

**FOURTH AFFIRMATIVE DEFENSE (No Alter-Ego Liability)**

Plaintiff's claims are barred to the extent they seek to impose liability on Defendant under an alter-ego theory, because there is no basis to disregard the separate legal existence of ICG USA, LLC or any other entity; Defendant did not commingle funds, undercapitalize, dominate, or misuse any entity to perpetrate injustice against Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE (Economic Loss Rule)**

Plaintiff's tort claims are barred, in whole or in part, to the extent Plaintiff seeks tort recovery for purely economic or contractual losses without an independent legal duty owed by Defendant.

**SIXTH AFFIRMATIVE DEFENSE (Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to those governing fraud, conversion, contract, negligence, and statutory claims.

/ / /

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**
Case No.: 3:26-CV-02762-DMS-SBC
Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

**SEVENTH AFFIRMATIVE DEFENSE (Comparative Fault and Apportionment)**

Plaintiff's recovery, if any, is barred or proportionally reduced by the fault, conduct, or omissions of Plaintiff and of persons or entities other than Defendant, including by superseding or intervening causes, and any liability must be apportioned according to comparative responsibility.

**EIGHTH AFFIRMATIVE DEFENSE (Failure to Mitigate)**

Plaintiff's claims are barred or reduced because Plaintiff failed to take reasonable steps to mitigate its alleged damages, including by failing to verify the parties with whom it contracted and to secure payment protections.

**NINTH AFFIRMATIVE DEFENSE (Setoff)**

Any recovery by Plaintiff must be offset by amounts paid, credited, recovered, or recoverable from other persons or entities on account of the same alleged loss.

**TENTH AFFIRMATIVE DEFENSE (Unclean Hands)**

Plaintiff's claims, including its equitable claims, are barred in whole or in part by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE (Waiver and Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**TWELFTH AFFIRMATIVE DEFENSE (No Recoverable Emotional-Distress Damages)**

Plaintiff's claim for emotional-distress damages is barred because Plaintiff is a business entity and cannot recover personal emotional-distress damages.

**THIRTEENTH AFFIRMATIVE DEFENSE (No Punitive or Treble Damages)**

Plaintiff is not entitled to punitive or exemplary damages because Defendant did not act with malice, oppression, or fraud, and is not entitled to treble damages because Defendant committed no RICO violation. Any award of punitive damages

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

would violate the Due Process Clauses of the United States and California Constitutions.

### FOURTEENTH AFFIRMATIVE DEFENSE (Reservation of Rights)

Defendant presently has limited information regarding Plaintiff's claims, the alleged transaction and documents, and the conduct of the co-defendants. Defendant reserves the right to assert additional affirmative defenses, including any preserved under Federal Rule of Civil Procedure 12(b), as they become known through investigation, discovery, motion practice, amendment, or order of the Court.

### PRAYER FOR RELIEF

WHEREFORE, Defendant EMILIA ARUTYUNOVA aka EMILIYA AROUTIOUNOV prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint as against Defendant;

2. That judgment be entered in favor of Defendant and against Plaintiff, and that the Complaint be dismissed with prejudice as to Defendant;

3. That Defendant recover her costs of suit;

4. That Defendant recover attorney's fees to the extent permitted by contract, statute, rule, or law; and

5. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and, to the extent applicable, Rule 81(c)(3), Defendant demands a trial by jury on all issues so triable.

/ / /

/ / /

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**
Case No.: 3:26-CV-02762-DMS-SBC

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

Dated:  June 4, 2026                DONALD R. HOLBEN & ASSOCIATES, APC

By: _____
       Daniel M. DiRe, Esq.
       Kamran Amintaheri, Esq.
       Attorneys for Defendant,
       EMILIYA ARUTYUNOVA

## DEMAND FOR JURY TRIAL

Defendant hereby demand(s) a trial by jury.

Dated:  June 4, 2026                DONALD R. HOLBEN & ASSOCIATES, APC

By: _____
       Daniel M. DiRe, Esq.
       Kamran Amintaheri, Esq.
       Attorneys for Defendant,
       EMILIYA ARUTYUNOVA

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**

Case No.: 3:26-CV-02762-DMS-SBC

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e

VERIFICATION

I, Emiliya Arutyunova, am the Defendant in this action. I have read the foregoing Answer and know its contents. The same is true of my own knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true. I declare that under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___06 / 04 / 2026___, at Austin, Texas.

_____
EMILIYA ARUTYUNOVA

13

**DEFENDANT EMILIYA ARUTYUNOVA'S VERIFIED ANSWER TO COMPLAINT**

Doc ID: 2832699ab708f9f2fb766b891dfc599e2b14783e