Donald R. Holben, Esq. (SBN 108401)
Daniel M. DiRe, Esq. (SBN 120523)
DONALD R. HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
Telephone:  (619) 220-5555
Facsimile:  (619) 220-0033
Email:  dmd@sandiegotrialattorneys.com
Email:  lawyers@sandiegotrialattorneys.com

Attorneys for Defendant, EMILIA ARUTYUNOVA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAL PROCESSING TECHNOLOGY, LTC, <br><br> Plaintiff, <br><br> v. <br><br> ICG USA, LLC; EMILIA ARUTYUNOVA aka EMILIYA AROUTIOUNOV; ARTOUR AROUTIOUNOV aka ARTOUR ARUTYUNOVA; AMERICAN GLOBAL FREIGHTS, a California corporation; MAERSK CUSTOMS SERVICES USA INC.; MAERSK LOGISTICS & SERVICES USA INC.; U.S. BANCORP; ARARAT BAGHDASARYN, alter ego of American Global Freights; and DOES 1 through 5, inclusive, <br><br> Defendants. | Case No.:  **3:26-CV-02762-DMS-SBC** <br><br> **EMILIA ARUTYUNOVA'S REPLY TO METAL PROCESSING TECHNOLOGY, LTC'S OPPOSITION TO DEFENDANT EMILIA ARUTYUNOVA'S MOTION TO DISMISS ALL CLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(6), 12(e), AND 9(b)** <br><br> Judge: Hon. Dana M. Sabraw <br> Hearing Date: August 14, 2026 <br> Time: 1:30 p.m. <br> Courtroom: 13A, 13th Floor <br><br> Action Filed: October 2, 2025 (San Diego Super. Ct. No. 25CU053232C) <br><br> Removed: April 30, 2026 |

1

Defendant Emilia Arutyunova ("Ms. Arutyunova") respectfully submits this Reply to Plaintiff Metal Processing Technology, LTC's ("Plaintiff") Opposition to Defendant Emilia Arutyunova's Motion to Dismiss; Memorandum of Points and Authorities in Opposition; and Declaration of Ruochen Liu in Opposition.

### I.    Plaintiff's Reliance on Secretary of State Filing is Misplaced.

Plaintiff's reliance on the Secretary of State filing is misplaced because nothing in the filing states that the registered agent is a founder, managing member, owner, or person exercising managerial authority over Defendant ICG USA, LLC ("ICG"). The filing merely identifies the person designated to receive service of process.

The evidence actually supports Ms. Arutyunova's position. The mere designation of an individual as an agent for service of process under California law does not establish that the individual is a founder, member, manager, officer, or owner of the LLC. See *Cal. Corp. Code* §§ 17701.13(c), 17701.16.

To the extent the Court is inclined to consider Plaintiff's request for the Court to take judicial notice of the filing for the truth of this purported fact, despite improperly citing to California State Evidence Code, the request exceeds the permissible scope of judicial notice. While the Court may take judicial notice of the existence and contents of a California Secretary of State filing, it may not judicially notice the truth of disputed factual assertions that are not actually stated in the document, nor may judicial notice be used to draw factual inferences unsupported by the document itself. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1003 (9th Cir. 2018).

### II.    Ms. Arutyunova's Rule 12(b)(6) motion comports with Rule 8(a).

A Rule 12(b)(6) motion is the procedural mechanism for challenging whether a complaint satisfies the pleading requirements of Rule 8(a)(2).

/ / /

1

**REPLY TO METAL PROCESSING TECHNOLOGY, LTC'S OPPOSITION TO DEFENDANT EMILIA ARUTYUNOVA'S MOTION TO DISMISS**

Case No.:  3:26-CV-02762-DMS-SBC

Plaintiff is correct that Rule 8(a)(2) tells the plaintiff what must be pleaded: "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to argue that, even assuming the factual allegations are true, the complaint fails to satisfy Rule 8(a)(2) because it does not state a claim upon which relief can be granted. Ms. Arutyunova's motion pursuant to Rule 12(b)(6) is in harmony with Rule 8(a)(2).

Rule 12(b)(6) is the enforcement mechanism for Rule 8(a)(2). As set forth in Ms. Arutyunova's Motion, the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and formally articulated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), expressly interpret Rule 8(a)(2) in the context of Rule 12(b)(6) motions. The analysis proceeds as follows: Identify allegations that are merely legal conclusions; Disregard those legal conclusions because they are not entitled to the assumption of truth; Assume the remaining factual allegations are true; and Determine whether those facts plausibly state a claim for relief. If they do not, dismissal under Rule 12(b)(6) is appropriate.

Plaintiff's First Amended Complaint is devoid of facts to state a claim for relief against Ms. Arutyunova, who was only appointed the agent for service of process for ICG. Likewise, Plaintiff's misplaced reliance on ICG's initial filing with the California Secretary of State in fact, supports Ms. Arutyunova's motion to dismiss.

Plaintiff's arguments grounded upon *Fed. R. Civ. P*. 56(a) are likewise misplaced and should be disregarded. Ms. Arutyunova's Motion pursuant to 12(b)(2), 12(b)(6), 12(e), and 9(b) is not governed by *Fed. R. Civ. P*. 56(a).

**III.    Plaintiff does not argue in opposition to Ms. Arutyunova's motion grounded upon Rules 12(b)(2), 12(e) and 9(b)**

Plaintiff entirely failed to respond to Ms. Arutyunova's independent grounds for dismissal under Rules 12(b)(2), 9(b), and 12(e). By failing to address these arguments, Plaintiff has effectively conceded them. See *Ghazali v. Moran*, 46 F.3d

2

52, 53–54 (9th Cir. 1995) (affirming dismissal based on failure to oppose motion under local rules); *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (claims not addressed in opposition deemed abandoned). The Court in *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893 (S.D. Cal. 2021) held that "where a non-moving party fails to address an argument raised by the moving party in the opposition brief, district court may consider any arguments unaddressed by the non-moving party as waived." *Id.* see also *Lessin v. Ford Motor Co.*, 756 F. Supp. 3d 885 (S.D. Cal. 2024).

Moreover, once personal jurisdiction is challenged, Plaintiff bears the burden of establishing jurisdiction. See *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, Plaintiff's Opposition offers no argument or evidence meeting that burden. Likewise, Plaintiff offers no response to Ms. Arutyunova's Rule 9(b) challenge or request for a more definite statement under Rule 12(e). Accordingly, Ms. Arutyunova's independent grounds for dismissal should be granted.

## V.  CONCLUSION

For the foregoing reasons, Ms. Arutyunova respectfully requests that the Court grant this motion and dismiss all claims against her pursuant to Rules 12(b)(2), 12(b)(6), 12(e) and 9(b), with prejudice, and without leave to amend.

DATED: July 31, 2026          DONALD R. HOLBEN & ASSOCIATES, APC

By: _____
   Daniel M. DiRe, Esq.,
   Attorneys for Defendant,
   EMILIA ARUTYUNOVA

3

**REPLY TO METAL PROCESSING TECHNOLOGY, LTC'S OPPOSITION TO DEFENDANT EMILIA ARUTYUNOVA'S MOTION TO DISMISS**

Case No.:  3:26-CV-02762-DMS-SBC