# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| METAL PROCESSING TECHNOLOGY, LTC, | Case No.: 26-cv-02762-DMS-SBC |
|---|---|
| Plaintiff, | **ORDER SUA SPONTE REMANDING ACTION TO SAN DIEGO SUPERIOR COURT; DENYING PENDING MOTIONS AND REQUESTS AS MOOT; VACATING HEARING** |
| v. | |
| ICG USA, LLC; et al., | |
| Defendants. | |

Before the Court are Plaintiff Metal Processing Technology, LTC's motion to remand this action to San Diego County Superior Court ("State Court"), (Remand Mot., ECF No. 8), and Defendant Emilia Arutyunova's motion to dismiss Plaintiff's Amended Complaint, (MTD, ECF No. 17). Plaintiff also filed two requests for judicial notice. (ECF Nos. 18-1, 20.) For the following reasons, the Court sua sponte remands the action to State Court; denies the pending motions and requests as moot; and vacates the hearing set for August 14, 2026.

## I.     BACKGROUND

Plaintiff filed this action in State Court on October 2, 2025, against Defendants ICG USA, LLC, Emilia Arutyunova, Artour Aroutionunov, American Global Freights, Maersk Customs Services USA Inc., Maersk Logistics & Services USA Inc., U.S. Bancorp, and

Arat Baghadasaryn.[1]  (Compl., ECF No. 1-4, at 1.)  The Complaint asserts a plethora of California common law claims (i.e., fraud by intentional misrepresentation, fraud by false promises, conversion, intentional infliction of emotional distress, civil conspiracy, negligence, breach of contract) and a violation of and conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  (*Id.*)  On April 30, 2026, the Maersk Defendants removed the action to this Court for federal question jurisdiction.  (Notice of Removal, ECF No. 1, at 2.)  Plaintiff now moves to remand to State Court, which the Maersk Defendants oppose, (Remand Opp'n, ECF No. 13).

On June 26, 2026, Plaintiff filed an Amended Complaint, excluding Defendant U.S. Bancorp and pursuing only California common law claims.  (Am. Compl., ECF No. 14.)  Defendant Arutyunova moves to dismiss the Amended Complaint, set to be heard on August 14, 2026.  (MTD, ECF No. 17.)  Plaintiff opposed the motion to dismiss, (ECF No. 18), and filed a request for judicial notice, (ECF No. 18-1).  Defendant Arutyunova filed a reply, (ECF No. 19), and objected to Plaintiff's Opposition evidence, (ECF No. 20).  Plaintiff filed an amended request for judicial notice.  (ECF No. 21.)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted).  A suit filed in state court may be removed to federal court if the federal court would have original jurisdiction over the suit, based on federal question or diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a).  "[I]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation modified) (citation omitted).

---

[1] Hereinafter, Defendants Maersk Customs Services USA Inc. and Maersk Logistics & Services USA Inc. are collectively referred to as the "Maersk Defendants."

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the district court resolves all ambiguity in favor of remand to state court." *Id.* (citation modified) (citation omitted).

### III.   DISCUSSION

**A. Original Jurisdiction**

1.   Edge Act

The Maersk Defendants contend the Court has original jurisdiction over this action pursuant to the Edge Act, 12 U.S.C. § 632.  (Notice of Removal 2–3.)  The Edge Act provides:

> [n]otwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

12 U.S.C. § 632.  "Edge Act jurisdiction has three requirements: (1) a civil action, (2) in which a 'corporation organized under the laws of the United States' is a party, and which (3) 'aris[es] out of transactions involving international or foreign banking.'"  *Lin v. JPMorgan Chase Bank N.A.*, No. 24-CV-01837, 2024 WL 2272387, at *1 (C.D. Cal. May 19, 2024).  Here, the Maersk Defendants allege Defendant U.S. Bancorp "following a merger with U.S. Bank, . . . operates under National Bank Charter No. 24, making it a corporation operating under the laws of the United States, within the meaning of 12 U.S.C. § 632."  (Notice of Removal ¶¶ A.5–6.)  The Maersk Defendants do not allege any other party falls under the Edge Act's purview.

Plaintiff's Amended Complaint excludes as a defendant U.S. Bancorp.  (*See* Am. Compl. 1 (caption); *id.* at 2–3 (list of Defendants).)  "[W]hen a plaintiff fails to rename a defendant . . . in an amended pleading, those defendants are dismissed." *DiParra v. Parole Cmty. Servs.*, No. CIV. 07-0114, 2008 WL 1861405, at *3 (S.D. Cal. Apr. 24, 2008) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)); *see also Jackson v. Med. Bd. of Cal.*, No. 07-CV-02188, 2012 WL 13019955, at *8 (C.D. Cal. Apr. 19, 2012) (holding "an

26-cv-02762-DMS-SBC

amended complaint that omits defendants named in the original complaint operates as a dismissal of them"). Thus, the Court finds Plaintiff effectively dismissed U.S. Bancorp as a party in this action, and the Maersk Defendants do not allege any remaining party qualifies as a § 632 party. "It is an absolute prerequisite to jurisdiction under section 632 that one party to the action be an entity that owes its existence to the federal sovereign." *Viqueira v. First Bank*, 140 F.3d 12, 19 (1998). Therefore, the Court finds the Edge Act does not confer original jurisdiction upon this Court.

### 2. Federal Question Jurisdiction

Next, the Maersk Defendants allege the Court has federal question jurisdiction, namely over the RICO claims. (Notice of Removal ¶¶ B.8–9.) Indeed, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and RICO is a federal statute. However, similar to above, Plaintiff excluded from its Amended Complaint the RICO claims. (*See generally* Am. Compl.) "A plaintiff waives all causes of action alleged in the original complaint that are 'voluntarily' not included in the amended complaint." *A'lor Int'l Ltd. v. Tappers Fine Jewelry*, 605 F. App'x 662, 664 (9th Cir. 2015) (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)). Because the RICO claims are dismissed, the Court does not have jurisdiction over these claims. The Amended Complaint contains only state law claims, which the Court does not have federal question jurisdiction over. *Lake v. Ohana Mil. Cos., LLC*, 14 F.4th 993, 1001 (9th Cir. 2021).

### 3. Diversity Jurisdiction

The Maersk Defendants insinuate there is diversity jurisdiction over the action, but concedes they "did not . . . base its removal on diversity grounds." (*See* Remand Opp'n 2 n.1 (stating Plaintiff is "incorrect" when arguing "a lack of complete diversity in this matter defeats diversity jurisdiction").) A state-court action can be removed on diversity grounds only where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). "To establish diversity jurisdiction, there must be complete diversity between the parties." *Said v. Orange Cnty. Dist. Att'ys Off.*,

26-cv-02762-DMS-SBC

No. SACV1601227, 2016 WL 4467875, at *2 (C.D. Cal. Aug. 22, 2016) (citation omitted). "For diversity purposes, natural persons . . . are citizens of the states where they live, and corporations . . . are citizens of both their state of incorporation and the state where their principal place of business is located." *Id.* (citations omitted). Here, the Maersk Defendants—the parties arguing for jurisdiction—do not provide any evidence that there is complete diversity amongst the party and, per their own admission, did not remove this action based on diversity jurisdiction. Thus, the Court finds the Maersk Defendants did not meet their "burden of establishing that removal is proper" under diversity jurisdiction. *Hunter*, 582 F.3d at 1042.

### B. Supplemental Jurisdiction

"Because the Court no longer has federal question jurisdiction, and the Court otherwise lacks diversity jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over [Plaintiff's] remaining state law claims." *Said*, 2016 WL 4467875, at *2 (citing 28 U.S.C. § 1367(c)(3)). "In determining whether to exercise supplemental jurisdiction over state law claims, courts must consider four factors: comity, judicial economy, fairness, and convenience." *Id.* (citing *Sanford v. Memberworks*, 625 F.3d 550, 561 (9th Cir. 2010)). "When federal claims are dismissed before trial, these factors typically 'point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (citing *Sanford*, 625 F.3d at 561).

The Court declines to exercise supplemental jurisdiction. Because Plaintiff proceeds exclusively on state law claims, "comity strongly favors declining jurisdiction." *See id.* at *3. "Second, judicial economy similarly favors declining jurisdiction, as the Court has not performed any substantive legal analysis of these state law claims." *Id.* "Finally, considerations of convenience and fairness do not favor exercising supplemental jurisdiction: given the early stage of this litigation, proceeding in state court would not be unduly inconvenient or unfair" to Defendants. *Id.* (citing *Sanford*, 625 F.3d at 561). Because the above factors weigh against exercising supplemental jurisdiction, the Court declines to do so.

**C. Remand to State Court and Denial of Remaining Motions**

"Under 28 U.S.C. § 1447(c), the court must remand an action *sua sponte* if the court loses subject-matter jurisdiction after removal." *Id.* at *3 (citations omitted).  As discussed, the Court no longer has original jurisdiction over this action and declines to exercise supplemental jurisdiction over the remaining state law claims.    Thus, the Court **REMANDS** the action sua sponte to State Court.  Because the action is remanded, the Court **DENIES** as moot Plaintiff's motion to remand and requests for judicial notice and Defendant's motion to dismiss and **VACATES** the August 14, 2026 hearing.  *See id.*

## IV.    CONCLUSION

For the foregoing reasons, the Court **REMANDS** the action sua sponte to State Court; **DENIES** the pending motions and requests as moot; and **VACATES** the August 14, 2026.

**IT IS SO ORDERED.**

Dated:  August 10, 2026

Hon. Dana M. Sabraw
United States District Judge

26-cv-02762-DMS-SBC